848 F.2d 1133
 27 ERC 2271, 18 Envtl. L. Rep. 21,080
 UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
State of Florida, Department of Environmental Regulations,
Plaintiff-Intervenor,
v.
M.C.C. OF FLORIDA, INC., and Michael's Construction
Company, Defendants-Appellants, Cross-Appellees.
 No. 84-5738.
 United States Court of Appeals,
Eleventh Circuit.
 July 7, 1988.
 
 James T. Hendrick, Key West, Fla., Thomas A. Harris, Milligan, Hooper, Harris & Barry, Chattanooga, Tenn., for defendants-appellants, cross-appellees.
 Stanley Marcus, U.S. Atty., Joseph R. Buchanan, Michael J. Mitchell, Asst. U.S. Attys., Miami, Fla., Paul R. Ezatoff, Jr., Asst. Atty. Gen., Tallahassee, Fla., David E. Dearing, Environmental Defense Sec. U.S. Dept. of Justice, Maria A. Iizuka, Dept. of Justice, Land & Nat. Res. Div., David C. Shilton, Washington, D.C., for plaintiff-appellee, cross-appellant.
 Appeals from the United States District Court for the Southern District of Florida.
 Before CLARK, Circuit Judge, HENDERSON*, Senior Circuit Judge and HOFFMAN**, Senior District Judge.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 PER CURIAM:
 
 
 1
 The United States brought a civil action against the appellants, M.C.C. of Florida, Inc. and Michael's Construction Company, for violating the River and Harbor Act of 1899, 33 U.S.C. Sec. 401 et seq., and the Clean Water Act, 33 U.S.C. Sec. 1251 et seq. The district court found against the appellants and imposed civil penalties. On appeal, we affirmed the judgment of the district court, and rejected the appellants' argument that it was entitled to a jury trial under the Seventh Amendment. United States v. M.C.C. of Florida, Inc., 772 F.2d 1501 (1985). On a petition by the appellants, the Supreme Court granted certiorari and vacated our judgment, --- U.S. ----, 107 S.Ct. 1968, 95 L.Ed.2d 809 (1987), remanding the case for further consideration in light of Tull v. United States, 481 U.S. ----, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). In Tull, the Court held that the Seventh Amendment guarantees a jury trial to determine liability, but not the amount of the fine, in an action by the federal government seeking civil penalties under the Clean Water Act. In light of the factual disputes about liability raised at the initial trial of this case, the judgment of the district court must be vacated and this case must be remanded for a new trial on the issue of liability only by the district court in accordance with the Tull opinion.
 
 
 2
 We interpret the Supreme Court's remand to affect only that portion of our prior opinion captioned "Jury Trial," 772 F.2d at 1506-07. Thus, the remaining portions of our opinion are the law of the case. We remand to the district court for a jury trial on the issue of liability. If the jury returns a verdict for the United States, the district court will be guided by that part of our opinion captioned "Remedy," 772 F.2d at 1507-08.
 
 
 3
 REMANDED.
 
 
 
 *
 See Rule 3(b), Rules of U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation